**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**OPERATING ENGINEERS LOCAL 139**
**HEALTH BENEFIT FUND, et al.,**

                Plaintiff,

      **Case No. 09-C-44**

    -vs-

**TRACKS CUSTOM CRUSHING, Inc.,**

                Defendant,

**WASTE MANAGEMENT OF WISCONSIN, Inc.,**

                Garnishee Defendant.

## DECISION AND ORDER

In May 2009, plaintiff Operating Engineers Local 139 Health Benefit Fund ("Local 139") obtained a default judgment against Tracks Custom Crushing, Inc. ("Tracks") in the amount of $68,534.13. In June, Local 139 initiated post-judgment garnishment proceedings for non-earnings against Waste Management of Wisconsin, Inc. ("Waste Management"). Under Wisconsin law, this type of garnishment allows a creditor to "proceed against any person who is indebted to or has any property in his or her possession or under his or her control belonging to such creditor's debtor;" it governs "all garnishment except the garnishment of earnings." Wis. Stat. § 812.01(1), (2).

Waste Management's answer to the garnishment complaint was due on July 2. Waste Management failed to answer, so on July 24, Local 139 moved for default judgment. On

August 6, the Court entered default judgment in the amount of $68,534.13. On August 19, Waste Management moved to vacate the default judgment and for leave to file an answer. For the reasons that follow, Waste Management's motion is granted.

Local 139 argues that the Court must apply Wisconsin law in determining whether to vacate the default judgment. Local 139 relies upon Rule 69(a)(1), which provides that the "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). There are no cases which discuss the appropriate procedural rule to apply when a party moves to vacate a default judgment in a supplementary proceeding. However, the Seventh Circuit expressed doubt that Rule 69(a) borrows "the *entire* procedural law of the state, so that in supplementary proceedings in federal district courts in Illinois the judge would apply the Illinois rules of civil procedure and of evidence rather than the counterpart federal rules." *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) (emphasis in original). The First Circuit more explicitly held that a district court "must apply only those provisions of state law *which specifically govern the enforcement of judgments*. The district court need not follow general state procedural law." *Apparel Art Intern., Inc. v. Amertex Enterprises, Inc.*, 48 F.3d 576, 582 (1st Cir. 1995) (internal citations omitted) (emphasis added). Local 139 asks the Court to apply Wis. Stat. § 806.07(1)(a) (Relief from judgment or order), as well as the Wisconsin cases interpreting this general rule of civil procedure. This area of Wisconsin law is not "uniquely applicable to supplementary proceedings."

*Amertex Enterprises* at 582. Therefore, the Court must apply federal law, including the relevant federal rules of civil procedure.[1]

The party seeking relief from a default judgment must show: (1) good cause for its default, (2) quick action to correct it, and (3) a meritorious defense to the plaintiff's complaint. *See Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996); *Tate v. Riverboat Servs., Inc.*, 305 F. Supp. 2d 916, 919 (N.D. Ind. 2004). The concept of good cause is enveloped by Rule 60(b)(1), which allows the Court to grant relief from a default judgment caused by "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); Fed. R. Civ. P. 55(c) (party may obtain relief from default judgment under Rule 60(b)). The "excusable neglect" inquiry is, at bottom, an "equitable one," taking into account "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Rule 60(b)(1) should be "liberally applied in the context of default judgments, especially where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

---

[1] Some courts find that Rule 69(a)(1)'s reference to federal statutes includes the Federal Rules of Evidence and Civil Procedure, *see, e.g., Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 942 (10th Cir. 1992) and *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17 (2d Cir. 1995), but Judge Posner disagreed with this conclusion in *Ruggiero*.: "[t]he reference in Rule 69(a) to applicable federal statutes appears to refer to federal statutes *expressly governing execution*, see Note of Advisory Committee on Rule 69(a), a category that would presumably comprehend any rule regulating execution, such as Rule 62(a), but not the rules of procedure or evidence in gross." *Ruggiero*, 994 F.2d at 1226.

-3-

Waste Management relies upon two affidavits in support of its good cause argument. Becky Lelingis ("Lelingis"), a Legal Assistant at Waste Management's Legal Department in Lombard, Illinois, initially received a copy of the Garnishment Summons and Complaint for Non-Earnings on June 12. Ms. Lelingis was unfamiliar with this type of garnishment complaint, but since it referred to garnishment, she forwarded it to Waste Management's Payroll Garnishment Department in Houston, Texas. In Houston, the Garnishment Department forwarded the Summons and Complaint to Accounts Payable Supervisor Joy Dotson ("Dotson"). Ms. Dotson determined that Tracks was a vendor who provided services to Waste Management in 2008, but that Waste Management did not owe any money to Tracks. Ms. Dotson was also unfamiliar with this type of legal process, so she sought assistance from other employees at Waste Management to determine how to proceed. Ms. Dotson was unable to complete processing the complaint until July 8, when she forwarded it back to the Legal Department in Illinois. In Illinois, Ms. Lelingis reviewed the Summons and Complaint once again. She also determined that Waste Management was not indebted to Tracks, but she believed that no action was required even though the time to answer had already passed.

The averments of Ms. Lelingis and Ms. Dotson demonstrate that Waste Management mishandled the summons and complaint. However, there was legitimate confusion regarding whether and how to respond to this type of legal process. Specifically, the reference to "garnishment" caused confusion as it relates to Waste Management's typical internal procedures. Despite these internal processing mistakes, Waste Management acted in good

-4-

Case 2:09-cv-00044-RTR    Filed 11/05/09    Page 4 of 7    Document 33

faith while trying to determine whether a response was necessary. They made the wrong decision, but they weren't ignoring the situation. Additionally, Local 139 does not assert that it will be prejudiced in any way if the Court vacates the default judgment, and the impact on judicial proceedings is minimal. Under the circumstances, Waste Management's default was the result of excusable neglect and a legitimate mistake regarding the appropriate response to a non-earnings garnishment complaint. Therefore, the Court finds that there is good cause to vacate the default judgment.

After good cause, the final two requirements – quick action to correct and meritorious defense – are more easily met. The "quick action" prong "must concern itself with the time elapsing between entry of judgment and the motion to vacate." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Waste Management moved to vacate the default judgment on August 19, only thirteen (13) days after default judgment was entered. Waste Management's proposed defense is that they don't owe any money to Tracks (the original defaulting party). This clearly satisfies the standard for meritorious defense. *See id.* ("meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis").

In the alternative, Local 139 requests leave to conduct discovery on the issue of the contractual relationship between Waste Management and Tracks. Rule 69(a)(2) provides that a judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed.

-5-

Case 2:09-cv-00044-RTR    Filed 11/05/09    Page 5 of 7    Document 33

R. Civ. P. 69(a)(2). The "customary" procedure is to follow the federal discovery rules in this situation, although the use of state or federal rules is appropriate. *See* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3014 (3d ed. 1998). Either way, supplementary proceedings to enforce judgments are "meant to be swift, cheap, informal. . . . Rule 69 [is not] meant to put the judge in a procedural straightjacket, whether of state or federal origin." *Ruggiero*, 994 F.2d at 1226. On November 2, Local 139 filed another Garnishment Summons and Complaint for Non-Earnings against a different Garnishee Defendant. Rather than wait until all of the prospective Garnishee Defendants appear in this action, the Court finds it appropriate to forego the normal procedures and to allow discovery to proceed immediately against Waste Management without adhering to the formal procedures of Fed. R. Civ. P. 16 (Pretrial Conferences; Scheduling; Management). In other words, Local 139 can initiate discovery without satisfying the "meet and confer" requirements of Rule 26(f). *See* Fed. R. Civ. P. 26(d) (party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Waste Management's motion to set aside the default judgment and for leave to file an answer [D. 18, D. 28] is **GRANTED**;

2. Local 139's request to conduct discovery [D. 29] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2009.

                                      **SO ORDERED,**

                                      *s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**